# Third District Court of Appeal
## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1734
Lower Tribunal Nos. 24-23782-CA-01 & 24-23577-CA-01

_____

**G Luxe Jewelers, LLC,**
Appellant,

vs.

**Louis Rich,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter Lopez, Judge.

Metschlaw, P.A., and Lawrence R. Metsch (Hollywood), for appellant.

The Law Office of Sebastian Ohanian, LLC, and Sebastian Ohanian, for appellee.

Before LOGUE, LINDSEY, and GORDO, JJ.

LINDSEY, J.

This appeal arises out of cross-motions for summary judgment in a replevin action concerning a watch. Appellant, G Luxe Jewelers, LLC ("G Luxe"), appeals an order granting final summary judgment[1] for Appellee, Louis Rich. G Luxe argues that the trial court erroneously applied section 538.08, Florida Statutes (2025), to the replevin action, and instead, it should have used the Uniform Commercial Code's entrustment doctrine of section 672.403(2), Florida Statutes (2025). Particularly, G Luxe argues the trial court's finding that Rich had not entrusted the watch was erroneous.

"The standard of review on orders granting final summary judgment is de novo." Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022) (quoting Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019)).

"Summary judgment is appropriate where the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Ibarra, 350 So. 3d at 467 (quoting Fla. R. Civ.

---

[1] Pursuant to the Summary Judgment Order, "[t]his final judgment is stayed pending appeal, which shall be conditioned on G Lux Jewelers being prohibited from disposing of the subject watch and the posting of a bond in the amount of $25,000. The Court reserves jurisdiction to enforce compliance of the stay." We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A); accord Fla. R. App. P. 9.310(a) ("A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.").

P. 1.510(a)).  "Once that initial burden is met, the nonmoving party must show through counterevidence a genuine dispute of material fact."  Sanz v. Herrera, 421 So. 3d 497, 498 (Fla. 3d DCA 2025) (citing Betancourt v. Citizens Prop. Ins. Corp., 406 So. 3d 1011, 1013 (Fla. 3d DCA 2025)).  "In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor."  Katha, LLC v. SHEDDF3-AE, LLC, 394 So. 3d 707, 708 (Fla. 3d DCA 2024) (citation omitted).

Summary judgment is a method to "test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings."  Fuentes v. Link, 394 So. 3d 684, 686 (Fla. 3d DCA 2024) (quoting The Florida Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006)).

When viewing the record in the light most favorable to G Luxe—the appellant, non-movant—there is a genuine dispute as whether Rich entrusted the watch to Payne.  The combination of the deposition testimony of Rich's knowledge that Payne was a merchant dealing in watches, and Rich's voluntary delivery of the watch to Payne, is such that a reasonable

jury could return a verdict for G Luxe that Rich entrusted the Watch regardless of Payne's larcenous conduct.

For these reasons we reverse and remand to the trial court for further proceedings.

Reversed and remanded.